UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCIS LUCCHESE-SOTO, KEVIN MCGUIRE, MATTHEW WICKHAM, and AMITAI HELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CRITERION COLLECTION, LLC,<br><br>Defendant. | Civil Action No. 1:24-cv-07345-VEC<br><br>Hon. Valerie E. Caproni |

**DECLARATION OF YITZCHAK KOPEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Yitzchak Kopel, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action. I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiffs' motion for preliminary approval of class action settlement filed herewith.

3. Attached hereto as **Exhibit A** is a true and correct copy of the Parties' Class Action Settlement Agreement, and the exhibits attached thereto.

4. On September 27, 2024, Plaintiff Lucchese-Soto filed a putative class action in the United States District Court for the Southern District of New York. (ECF No. 1). Plaintiffs Kevin McGuire, Matthew Wickham, and Amitai Heller filed suit against Defendant by filing a complaint on September 27, 2024, in the United States District Court for the Southern District of New York.

5. On November 25, 2024, this Court entered an order consolidating the McGuire action with the instant action. Plaintiffs filed their Consolidated Amended Complaint on December 6, 2024. (ECF No. 12).

6. The material allegations of the Consolidated Amended Complaint center on Defendant's alleged disclosure of Criterion Channel Service users' personally identifiable information—including a record of every video viewed by the user—to unrelated third parties Twilio Inc. ("Twilio"), and Meta Platforms, Inc. ("Meta"). (ECF No. 25).

7. On January 21, 2025, Defendant filed a Motion to Dismiss. (ECF Nos. 15 and 16).

8. After a Civil Case Management Plan and Scheduling Order was docketed by the Court on January 24, 2025 (ECF No. 20), the Parties filed a Joint Letter Motion requesting that the instant action be stayed pending mediation. This Court granted the stay on January 31, 2025. (ECF No. 22).

9. On June 14, 2024, the Court entered a Civil Case Management Plan and Scheduling Order.  (ECF No. 30).

10. Prior to reaching the Settlement, the Parties conducted discovery including on issues such as the nature and capabilities of the technology on Defendant's websites and the size and scope of the putative class.

11. The Parties also discussed and debated the key facts, legal issues, litigation risks, and potential settlement structures. This information was sufficient for the Parties to assess the strengths and weakness of the claims and defenses and their relative negotiating positions.

12. Thereafter, the Parties agreed to engage in settlement discussions and proceed with a mediation with Marc E. Isserles Esq. of JAMS. The Parties participated in an all-day in-

person mediation session with Marc E. Isserles Esq. on April 2, 2025. During the mediation session and with Marc E. Isserles Esq.'s continued assistance, the parties reached a settlement, which is memorialized in the Proposed Settlement Agreement attached hereto as **Exhibit A**.

13.     At the conclusion of the mediation, the Parties reached an agreement on all material terms of a class action settlement and, thereafter, executed a term sheet.

14.     The resulting $4,500,000.00 proposed Settlement Amount secures extraordinary relief for the class, which is defined as "all persons who during the Class Period in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service."[1] Settlement ¶ 1.6.

15.     The Settlement also provides meaningful prospective relief aimed at the challenged conduct, as in connection with the Settlement, Defendant agrees to refrain from using the Meta pixel or Segment SDK on its Website and/or Apps to disclose to Meta or Twilio the specific video content requested or obtained by a specific individual until such time as the VPPA is abolished, amended, or otherwise declared unconstitutional.  *Id.* ¶ 2.2.

16.     Pursuant to the terms of the proposed Settlement, every member of the Settlement Class who submits a timely and valid Claim Form will receive a pro rata cash payment from the Settlement Fund, following the deduction of notice and claims administration costs, attorneys' fees and expenses, and the class representatives' service awards, all of which will be paid from the Settlement Fund.  Settlement ¶¶ 1.32; 2.4(a).

---

[1] Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who submit a timely and valid request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons; and (5) Class Counsel.

17. My firm, Bursor & Fisher, P.A., has significant experience in litigating class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resume of Bursor & Fisher, P.A., a true and accurate copy of which is attached hereto as **Exhibit B**). My firm has also been recognized by courts across the country for its expertise. (*See* Ex. B); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008."); *In re Welspun Litigation*, Case No. 16-cv-06792-RJS (S.D.N.Y. January 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Welspun Egyptian cotton bedding products).

18. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

19. Plaintiffs and proposed Class Counsel recognize that despite our belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

20. Plaintiffs and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and the Settlement Class members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared

to continue their vigorous defense of this case, including by moving for summary judgment. Defendant would also oppose class certification vigorously, and Defendant would also prepare a competent defense at trial. And looking beyond trial, Plaintiffs are also keenly aware that Defendant could appeal the merits of any adverse decision.

21. Plaintiffs and proposed Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

22. The Settlement Agreement attached hereto as **Exhibit A** is the only agreement in connection with the proposed settlement.

I declare under penalty of perjury that the above and foregoing is true and accurate. Executed this 14th day of May 2025 at New York, New York.

>  */s Yitzchak Kopel*
>  Yitzchak Kopel