**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FRANCIS LUCCHESE-SOTO, KEVIN
MCGUIRE, MATTHEW WICKHAM, and
AMITAI HELLER, individually and on behalf of
all others similarly situated,

                    Plaintiffs,

v.

THE CRITERION COLLECTION, LLC,

                    Defendant.

Case No. 1:24-cv-07345-VEC

---

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among

(i) Plaintiffs, Francis Lucchese-Soto, Kevin McGuire, Matthew Wickham, and Amitai Heller

("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined herein) and (ii) Defendant The

Criterion Collection, LLC ("Defendant" or "Criterion"). The Plaintiffs and the Defendant are collectively

referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever

resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and

conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      This consolidated putative class action originated from two separate filings on

September 27, 2024, both in the United States District Court for the Southern District of New

York.  One action was filed by Plaintiffs McGuire, Wickham, and Heller in the case styled

*McGuire, et al. v. The Criterion Collection, LLC d/b/a The Criterion Channel*, No. 1:24-cv-

07354 (S.D.N.Y).  The other action was filed by Plaintiff Lucchese-Soto in the case styled

*Lucchese-Soto, et al. v. The Criterion Collection, LLC*, No. 1:24-cv-07345 (S.D.N.Y). The cases

were then consolidated into the Lucchese-Soto action and a consolidated complaint was filed on

95729150v.2

December 6, 2024.  The material allegations of the consolidated complaint originally centered on Defendant's alleged disclosure of its subscribers' personally identifiable information to third parties Meta Platforms, Inc. (formerly known as Facebook, Inc.), Twilio Inc. and Vimeo, Inc., without informed, written consent, in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA"), the Electronic Communications Privacy Act (the "Federal Wiretap Act" or "ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, et seq., and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, et seq.  *Lucchese-Soto*, ECF No. 12.

  **B.**  On January 21, 2025, Criterion filed a motion to dismiss as to ECPA, WESCA, and FSCA claims. ECF Nos. 15, 16.

  **C.**  The Parties participated in an April 2, 2025 mediation, at which they reached a settlement in principle and agreed that an amended complaint would be filed pursuant to informal discovery exchanged between the Parties.

  **D.**  On April 4, 2025, the Parties filed a joint letter to the Court advising that the parties had reached a settlement in principle and that Plaintiffs planned to file an amended complaint in connection with the settlement. ECF No. 23.

  **E.**  On April 14, 2025, Plaintiffs filed a First Amended Complaint alleging the same claims under the VPPA, ECPA, WESCA, and the FSCA.  However, the First Amended Complaint removed all references to Vimeo as a third party allegedly receiving personally identifiable information of the class members.

  **F.**  The purpose of this Agreement is to settle and fully resolve the Individual and Class Claims of the Class Representatives and Settlement Class Members.

  **G.**  At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to

commit, any wrongful act or violation of law or duty alleged in the Action. Defendant specifically denies that it is liable for damages, penalties, interest, attorneys' fees or costs, or any other remedies, and denies that any claim asserted by the Class Representatives is suitable for class treatment other than for settlement purposes. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**H.**    Class Representatives believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at summary judgment and/or trial. Nonetheless, Class Representatives and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Class Representatives may not prevail. Class Representatives and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Class Representatives and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Class Representatives believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and

that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

**I.**    This Settlement Agreement is contingent upon the approval of class certification for settlement purposes only. Defendant expressly reserves its right to challenge the propriety of class certification for any other purpose, as well as the merits of the claims asserted in this Action, should the Court not approve the Settlement.

**J.**    The Parties agree that should this Settlement Agreement not become final for any reason, nothing from this settlement process, including documents created or obtained from the settlement process and settlement administration, nor any reports or accounts thereof, shall be admissible evidence in this Action or used in any way contrary to Defendant's interests, Class Representatives' interests, or the Settlement Class's interests.

**K.**    This Settlement Agreement contains all of the agreements between the Class Representatives and Defendant and their respective counsel relating to the settlement of this Action. There are no undisclosed side agreements between the Parties or their counsel.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Class Representatives, the Settlement Class, and each of them, and Defendant, by and through their undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Lucchese-Soto, et al. v. The Criterion Collection, LLC*, No. 1:24-cv-07345-VEC, pending in the Southern District of New York.

**1.2**    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed and attested to by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement. In the Claim Form, the Settlement Class Member must attest (through drop down menus or another user-friendly mechanism) that during the Class Period the Settlement Class Member (1) was a registered user of, or had subscription to, Criterion Channel; and (2) in the United States, during the Class Period, watched a pre-recorded video through criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (as defined below).

**1.3**    **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

1.4    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

1.5    **"Class Counsel"** means Bursor & Fisher, P.A. and Levi & Korsinsky, LLP.

1.6    **"Class Members"** means all persons who during the Class Period in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.

1.7    **"Class Period"** means the period from September 27, 2022 through December 27, 2024, the date by which Defendant removed both the Facebook pixel and the Segment API/SDK from dedicated video pages on its website, mobile applications, and digital platforms.

1.8    **"Class Representatives"** means the named Plaintiffs in this Action, Francis Lucchese-Soto, Kevin McGuire, Matthew Wickham, and Amitai Heller.

1.9    **"Court"** means the District Court for the Southern District of New York, the Honorable Valerie E. Caproni presiding, or any judge who shall succeed her as the Judge in this Action.

1.10    **"Criterion Channel Service"** means the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

1.11    **"Defendant"** means The Criterion Collection, LLC.

1.12    **"Defendant's Counsel"** means Mark S. Melodia, William F. Farley, Stosh M. Silivos, and Sophie L. Kletzien of Holland & Knight, LLP.

**1.13** **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.14** "**Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.15** **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.16** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the Service Award to the Class Representatives.

**1.17** **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.18** **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B and C hereto.

**1.19** **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than thirty (30) days after Preliminary Approval.

**1.20** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than sixty (60) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(c), or such other date as ordered by the Court.

**1.21** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.22** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.23** **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Class Representatives' motion for preliminary approval of the Agreement.

**1.24** **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands,

liabilities, rights, causes of action, contract or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Action, the Video Privacy Protection Act, 18 U.S.C. § 2710, the Electronic Communications Privacy Act, 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701, *et seq.*, the Florida Security of Communications Act, Fla, Stat. §§ 934.01, *et seq.*, or any other state, federal, local, statutory, or common law or any other law, rule or regulation, against Released Parties, or any of them, arising out of any facts, transactions, events, matters occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure, use, interception or transfer of information of or related to the Settlement Class Members through use of the Meta pixel, the Segment API/SDK, or other pixels, cookies, or tracking or analytics tools on the Criterion Channel Service, including all claims that were brought or could have been brought in the Action.  Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

      **1.25**    **"Released Parties"** means Defendant The Criterion Collection, LLC., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, vendors, joint ventures, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.26** **"Releasing Parties"** means Class Representatives, and those Settlement Class Members, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.27** **"Service Award"** means a separate payment from the Settlement Fund of $2,500 for each Class Representative or a lesser amount awarded by the Court as a service award payment and for resolution and release of the Class Representatives' claims against Defendant in this Action.

**1.28** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services.

**1.29** **"Settlement Administrator"** means a reputable administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

**1.30** **"Settlement Class"** means Class Members excluding (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and

employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.32** **"Settlement Fund"** means the total cash commitment of Defendant for purposes of this settlement, as described in Section 2 of the Settlement Agreement, of $4.5 million ($4,500,000.00 USD), which shall be the maximum amount of money that Defendant shall be obligated to pay for the benefit of the Settlement Class, inclusive of all Approved Claims, all Settlement Administrator Expenses, any Fee Award and Service Awards, and any other costs, expenses, and fees associated with the Settlement pursuant to the terms set forth in this Agreement.

**1.33** **"Settlement Website"** means a website, referenced in Section 4(e) below, to be established, operated, and maintained by the Settlement Administrator for purposes of providing notice and otherwise making available to the Settlement Class Members the documents, information, and online claims submission process referenced in Section 4(e).

**1.34** **"Settlement Payment"** means the payment made to Settlement Class Members with Approved Claims from the Settlement Fund pursuant to the Settlement Agreement.

**1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.    SETTLEMENT RELIEF.

2.1    **Payments to Settlement Class Members.** Defendant will pay or cause to be paid a total of $4,500,000 in cash for payment of the following:  (i) Approved Claims for cash benefits submitted by Settlement Class Members pursuant to Section 2.3 below; (ii) the Settlement Administration Expenses as described in Section 4 below; (iii) the Fee Award, as described in Section 8.1 below; and (iv) any Service Awards to the Class Representatives, as may be ordered by the Court and as described in Section 8.4 below.

2.2    **Prospective Relief.** Upon entry of Final Judgment, Defendant shall not use the Meta pixel or Segment SDK on its Website and/or Apps to disclose to Meta or Twilio the specific video content requested or obtained by a specific individual until such time as the VPPA is abolished, amended, or otherwise declared unconstitutional.

2.3    **Schedule of Payments into Settlement Fund.** Defendant will make payments in accordance with the following schedule:

(a)    *Settlement Administration Expenses*. Amounts for Settlement Administration Expenses, to be paid within thirty (30) days of when such amounts are invoiced to Defendant and become due and owing.

(b)    *Fee Award*. An amount equal to the Fee Award as ordered by the Court, to be paid as described at Section 8.3, below.

(c)    *Service Awards*. An amount equal to Class Representatives' Service Awards as ordered by the Court, to be paid as described at Section 8.4, below.

(d)    *Payment of Valid Approved Claims*. An amount not to exceed $4,500,000.00, less the sum of (i) the payments of Settlement Administration Expenses, (ii) the Fee Award paid by Defendant, (iii) any Service Awards paid by Defendant, which amount is to be paid within forty-five (45) days after the Effective Date.

2.4    **Claims Process**. Each Settlement Class Member will be entitled to submit a Claim Form for cash payment, consistent with this section and as determined by the Court.

(a)    *Cash Payment*. Each Settlement Class member may file a Claim Form that will, if valid after it is reviewed and approved by the Settlement Administrator, entitle him or her to a *pro rata* cash payment.

(b)    *Method of Payment*. Each Settlement Class Member with an Approved Claim may choose to receive his or her cash payment via check, Venmo, or PayPal. Payment by check will be the default payment method in the event that a Settlement Class Member with an Approved Claim does not state a preferred method of payment.

(c)    *Cash Payment from Fund*. Cash payments for Approved Claims will be paid within sixty (60) days after the Effective Date from the Settlement Fund.

2.5    **Proof of Claim.** A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member. An Approved Claim must attest that during

the relevant time frame the Settlement Class Member (1) was a registered user of, or had subscription to, the Criterion Channel Service; and (2) in the United States, watched a pre-recorded video through the Criterion Channel Service.

      **2.6**    **Review of Claims.** The Settlement Administrator will be responsible for reviewing all Claim Forms to determine their validity. The Settlement Administrator will reject any Claim Form that does not establish a valid claim; does not comply in any material respect with the instructions on the Claim Form or the terms of Section 2.4, above; or is submitted after the Claims Deadline.

      **2.7**    **Cash Benefit – Uncleared Checks.** Those Settlement Class Members with Approved Claims whose cash benefit checks are not cleared within one hundred eighty (180) days after issuance will be ineligible to receive a cash settlement benefit and Defendant will have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members. To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to a non-sectarian, non-profit organization, recommended by Class Counsel and approved by the Court.

**2.8    Taxes**. Settlement Class Members that receive a Settlement Payment shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

**3.    RELEASE.**

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

**4.    NOTICE TO THE CLASS.**

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Settlement Class List*.  No later than fourteen (14) days after Preliminary Approval, Defendant shall provide to the Settlement Administrator an electronic list from its records that includes the names and email addresses, to the extent available, belonging to Persons potentially within the Settlement Class. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information to the Settlement Administrator, consistent with the consent provisions of the VPPA, ECPA, WESCA, and FSCA. This electronic document shall be called the "Class List," and shall be provided

exclusively to the Settlement Administrator and shall not be disclosed to anyone else. The

Settlement Administrator shall not use the Settlement Class List, or any information contained

within it, for any other purposes other than administering the settlement, and shall take

reasonable measures to protect the information from any third-party disclosure, and shall

comply with all applicable law in utilizing and maintaining such information. The Settlement

Administrator shall not provide Settlement Class List to Class Counsel. To the extent Class

Counsel learns the identity of and/or email address of any Class Member(s) in connection with

the settlement administration process, including but not limited to by Class Counsel being

contacted by any Class Member(s) based on such Class Member(s) receiving Class Counsel's

contact information on the Class Notice and/or Claim Form, Class Counsel shall not use that

information for any purpose other than assisting Class Member(s) with the settlement

administration process.  Class Counsel may not send advertisements, solicitations, or

communications to the Settlement Class to solicit Class members to retain Class Counsel for

any other matters or disputes.

      **(b)**    *Direct Notice.* In the event that the Court preliminarily approves the

Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via

email substantially in the form attached as Exhibit B, along with an electronic link to the Claim

Form, to all Settlement Class Members for whom a valid email address is available in the Class

List. In the event transmission of email notice results in any "bounce-backs," the Settlement

Administrator shall, where reasonable:  (i) correct any issues that may have caused the "bounce-

back" to occur and make a second attempt to re-send the email notice, and (ii) send Notice

substantially in the form attached as Exhibit C via First Class U.S. Mail to the extent a U.S.

mailing address can be identified.

(c)    *Update Addresses*. Prior to mailing any Notice, the Settlement Administrator will update any U.S. mail addresses of persons on the Class List, for those where a mailing address is known, using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Settlement Class members for whom Notice is returned by the U.S. Postal Service as undeliverable and shall attempt re-mailings.

(d)    *Reminder Notice*. Seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

(e)    *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The website will also display a toll-free number that Class Members can call with questions about the settlement or their eligibility to receive a monetary payment. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(f)    *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

(g)     *Contact from Class Counsel.*  Class Counsel, in their capacity as counsel to Settlement Class Members, may from time to time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

4.2     The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall also state that Class Members who do not submit a request for exclusion, even if they do not submit a Claim for a Settlement Payment, will release any and all claims against Defendant. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including information sufficient to identify his or her Criterion Channel account; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the

preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the Objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack.

4.5    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this

Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for

exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or

"class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or

received by the date specified in the Notice.

      **4.6**     The Final Approval Hearing shall be no earlier than ninety (90) days after the

Notice described in Paragraph 4.1(e) is provided.

      **4.7**     Any Settlement Class Member who does not, using the procedures set forth in this

Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid

Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement,

but will otherwise be bound by all of the terms of this Agreement, including the terms of the

Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and

will be barred from bringing any action against any of the Released Parties concerning the

Released Claims.

**5.**       **SETTLEMENT ADMINISTRATION.**

      **5.1**     The Settlement Administrator shall, under the supervision of the Court, administer

the relief provided by this Settlement Agreement by processing Claim Forms in a rational,

responsive, cost effective, and timely manner. The Settlement Administrator shall maintain

reasonably detailed records of its activities under this Agreement. The Settlement Administrator

shall maintain all such records as are required by applicable law in accordance with its normal

business practices and such records will be made available to Class Counsel and Defendant's

Counsel upon request. The Settlement Administrator shall also provide reports and other

information to the Court as the Court may require. The Settlement Administrator shall provide

Class Counsel and Defendant's Counsel with information concerning Notice, administration, and

implementation of the Settlement Agreement. Should the Court request, the Parties shall submit

a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

      **(a)**    Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

      **(b)**    Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

      **(c)**    Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**    Make available for inspection by Class Counsel or Defendants Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

    **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 2.3 and/or 2.4, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an

opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

      **5.3**    Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form.

      **5.4**    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

      **5.5**    The Settlement Administrator is bound by the terms of this Settlement Agreement. In the event that an issue arises that the Settlement Administrator must resolve that is not specifically addressed in the Settlement Agreement or is ambiguously addressed, the Settlement Administrator shall report to the Parties' Counsel for guidance.

      **5.6**    All disputes relating to the Settlement Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

**6.**    **TERMINATION OF SETTLEMENT**

      **6.1**    Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary

Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Appellate Court or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Appellate Court or the Supreme Court.

**6.2**    Subject to Paragraphs 9.1-9.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within seven (7) days if more than 1,000 individuals of the total Settlement Class Members exercise their right to opt out of the Settlement.

**6.3**    The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the Service Awards set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Service Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**7.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

**7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially

in the form of Exhibits A, B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**      Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective.  The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

**7.3**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.4**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Class Representatives and all Releasing Parties;

**(c)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**     find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(e)    dismiss the Action (including all individual claims and Settlement Class

Claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in the Settlement Agreement;

(f)    incorporate the Release set forth above, make the Release effective as of

the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(g)    permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the respective Settlement Class from filing, commencing,

prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or

other action in any jurisdiction based on the Released Claims;

(h)    without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement, and

interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary

purpose; and

(i)    incorporate any other provisions, as the Court deems necessary and just.

## 8.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.

8.1    Class Counsel may petition the Court for an award of attorneys' fees, costs, and

expenses not to exceed one-third of the Settlement Fund, *i.e.*, $1,499,850. Class Counsel agrees

to accept an amount that is less than the above amount if a lesser amount is ordered by the Court.

8.2    The Class Representatives and Class Counsel understand and agree that any fee

payments under this Agreement will be the full, final, and complete payment of all attorneys'

fees and costs arising from or relating to the representation of the Class Representatives and

Class Members in the Action. This is a material condition of this Agreement. Class

Representatives and Class Counsel therefore hereby irrevocably and unconditionally release,

acquit, and forever discharge any claim they may have against the Released Parties for attorneys'

fees and costs arising from or relating to the individuals and matters identified in the Settlement Agreement. Further, the Class Representatives and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorneys' fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action.

**8.3**    The Fee Award shall be payable within thirty (30) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibits E-1 and E-2, and providing all payment routing information and tax I.D. numbers for Bursor & Fisher, P.A., as agent for Class Counsel. Payment of the Fee Award shall be made by wire transfer to Bursor & Fisher, P.A., as agent for Class Counsel, for distribution to and among Class Counsel, in accordance with wire instructions to be provided to the Settlement Administrator by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void as a result of an appeal(s) then any Persons or firms who shall have received the funds shall be severally liable for payments made pursuant to this subparagraph, and shall return such funds to the Defendant. Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

**8.4**    Class Representatives may petition the Court for a Service Award of $2,500 each. Such Service Awards will be paid by Defendant (in the form of checks to the Class Representatives that are sent care of Class Counsel) within twenty-one (21) days of the Effective Date.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties and their counsel have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

**9.3**    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective

positions in the Action as of the date of the signing of this Agreement. In such event, any Final

Judgment or other order entered by the Court in accordance with the terms of this Agreement

shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante*

with respect to the Action as if this Agreement had never been entered into.

**10.     MISCELLANEOUS PROVISIONS.**

**10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement

Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this

Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and

conditions of this Agreement, to secure final approval, and to defend the Final Judgment through

any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another

in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval

Order, and the Final Judgment, and promptly to agree upon and execute all such other

documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**     The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Class

Representatives, the Settlement Class and each or any of them, on the one hand, against the

Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the

Parties agree not to assert in any forum that the Action was brought by Class Representatives or

defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by

them, concerning their respective legal liability for the claims hereby released. The Parties have

read and understand fully the above and foregoing agreement and have been fully advised as to

the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Class Representatives, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to

support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

   **(d)**  is, may be deemed, or shall be construed against Class Representatives, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial;

   **(e)**  is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Class Representatives, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Class Representatives' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount; and

   **(f)**  is inadmissible in evidence in any proceeding, except in an action or proceeding to approve, interpret, or enforce its terms. Notwithstanding the foregoing, in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file this Settlement Agreement in any action or proceeding that may be brought against them.

   **10.5**  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

   **10.6**  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.8**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Class Representatives represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Class Representatives and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12**    The Parties agree that prior to the public court docket filing of the motion for preliminary approval, they will keep all terms of the Settlement confidential, unless and to the

extent they otherwise agree to any disclosure. With respect to the terms of this Settlement, Class Counsel agrees not to make any statements or post on their website or in social media anything inconsistent with the class notice.

Nothing in this Section shall prevent the Parties from discussing the Settlement Agreement privately with any of the following: one another; the Court; Class Counsel; their attorneys, key business personnel (including affiliates), tax consultants, insurers, or reinsurers; spouses; or government agencies as necessary for reporting obligations.

**10.13** This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14** This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15** The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.16** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**10.17** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.18**  Where this Agreement requires notice to the Parties, such notice shall be sent to

the undersigned counsel:

**For Plaintiffs**:

Yitzchak Kopel
Max S. Roberts
Victoria X. Zhou
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: ykopel@bursor.com
         mroberts@bursor.com
         vzhou@bursor.com

Mark S. Reich
Gary S. Ishimoto
33 Whitehall Street, Floor 17
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: gishimoto@zlk.com

**For Defendant**:

William F. Farley
Holland & Knight LLP
150 North Riverside Plaza, Ste. 2700
Chicago, Illinois 60606
william.farley@hklaw.com

Mark S. Melodia
Stosh M. Silivos
Sophie L. Kletzien
Holland & Knight LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
(212) 513-3200
mark.melodia@hklaw.com
stosh.silivos@hklaw.com
sophie.kletzien@hklaw.com

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____        **FRANCIS LUCCHESE-SOTO**

                                By:_____
                                Francis Lucchese-Soto, individually and as
                                representative of the Class

Dated: 05/14/2025              **KEVIN MCGUIRE**
_____

                                By:_____
                                Kevin McGuire, individually and as representative
                                of the Class

Dated: 05/14/2025              **MATTHEW WICKHAM**
_____

                                By:_____
                                Matthew Wickham, individually and as
                                representative of the Class

Dated: 05/14/2025              **AMITAI HELLER**
_____

                                By:_____
                                Amitai Heller, individually and as representative of
                                the Class

Dated: _____        **THE CRITERION COLLECTION, LLC**

                                By:_____

                                Name:_____

                                Title:_____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____        **BURSOR & FISHER, P.A.**

                                By:_____
                                Yitzchak Kopel
                                Max S. Roberts
                                Victoria X. Zhou
                                1330 Avenue of the Americas, 32nd Floor
                                New York, NY 10019

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **FRANCIS LUCCHESE-SOTO**

                                  By:_____
                                  Francis Lucchese-Soto, individually and as
                                  representative of the Class

Dated: _____          **KEVIN MCGUIRE**

                                  By:_____
                                  Kevin McGuire, individually and as representative
                                  of the Class

Dated: _____          **MATTHEW WICKHAM**

                                  By:_____
                                  Matthew Wickham, individually and as
                                  representative of the Class

Dated: _____          **AMITAI HELLER**

                                  By:_____
                                  Amitai Heller, individually and as representative of
                                  the Class

Dated: _____5/14/25_____          **THE CRITERION COLLECTION, LLC**

                                  By:_____

                                  Name:___Andrew Turell___

                                  Title:___COO___

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____          **BURSOR & FISHER, P.A.**

                                  By:_____
                                  Yitzchak Kopel
                                  Max S. Roberts
                                  Victoria X. Zhou
                                  1330 Avenue of the Americas, 32nd Floor
                                  New York, NY 10019

35

Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Dated: _____          **LEVI & KORSINSKY, LLP**


By:_____
Mark S. Reich
Gary S. Ishimoto
33 Whitehall Street, Floor 17
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Class Counsel*

Dated: 5/14/24          **HOLLAND & KNIGHT LLP**
       _____

By:_____
William F. Farley
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Ste. 2700
Chicago, Illinois 60606

Mark S. Melodia
Stosh M. Silivos
Sophie L. Kletzien
HOLLAND & KNIGHT LLP
787 Seventh Avenue, Floor 31
New York, NY 10019
Tel: 212.513.3583
Fax: 212.385.9010

*Attorneys for Defendant*

Telephone: (646) 837-7150
Facsimile: (212) 989-9163

Dated: ___05/14/2025___

LEVI & KORSINSKY, LLP

By:_____

Mark S. Reich
Gary S. Ishimoto
33 Whitehall Street, Floor 17
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*Class Counsel*

Dated: _____

HOLLAND & KNIGHT LLP


By:_____
William F. Farley
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Ste. 2700
Chicago, Illinois 60606

Mark S. Melodia
Stosh M. Silivos
Sophie L. Kletzien
HOLLAND & KNIGHT LLP
787 Seventh Avenue, Floor 31
New York, NY 10019
Tel: 212.513.3583
Fax: 212.385.9010

*Attorneys for Defendant*

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: May 14, 2025 _____          **FRANCIS LUCCHESE-SOTO**

By: Francis Lucchese-Soto (May 14, 2025 12:56 CDT) _____

Francis Lucchese-Soto, individually and as
representative of the Class

Dated: _____          **KEVIN MCGUIRE**

By: _____

Kevin McGuire, individually and as representative
of the Class

Dated: _____          **MATTHEW WICKHAM**

By: _____

Matthew Wickham, individually and as
representative of the Class

Dated: _____          **AMITAI HELLER**

By: _____

Amitai Heller, individually and as representative of
the Class

Dated: _____          **THE CRITERION COLLECTION, LLC**

By: _____

Name: _____

Title: _____

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____          **BURSOR & FISHER, P.A.**

By: _____

Yitzchak Kopel
Max S. Roberts
Victoria X. Zhou
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

**EXHIBIT A**

## Lucchese-Soto et al. v. The Criterion Collection, LLC

In the United States District Court for the Southern District of New York

Case No. 1:24-cv-07345-VEC

### <u>Settlement Claim Form</u>

> **If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [_____], or submitted online on or before [_____].**

Please read the full notice of this settlement (available at **[www.criterionchannelsettlement.com]**) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**<u>ONLINE</u>:**    File a Claim Form at **[www.criterionchannelsettlement.com]**.

**<u>MAIL</u>**:        **[ADDRESS]**

---

**PART ONE:   CLAIMANT INFORMATION**

---

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

| | |
|---|---|
| **FIRST NAME** | **LAST NAME** |

**STREET ADDRESS**

| | | |
|---|---|---|
| **CITY** | **STATE** | **ZIP CODE** |

**EMAIL ADDRESS ASSOCIATED WITH YOUR CRITERION CHANNEL ACCOUNT**

---

**PART TWO:  PAYMENT SELECTION**

---

You may be eligible to receive a cash payment if you had a Criterion Channel account and accessed the Criterion Channel website (https://www.criterionchannel.com/), the iOS and Android Criterion mobile applications, and/or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox) in the United States and watched a pre-recorded video between September 27, 2022 and December 27, 2024.

Please select **<u>one</u>** of the following payment options:

Check    ☐

Venmo    ☐    Venmo Username: _____

PayPal        [  ]  PayPal Email: _____ _____

---

**PART THREE: ATTESTATION UNDER PENALTY OF PERJURY**

---

I declare under penalty of perjury under the laws of the United States of America that I have or had a Criterion Channel account and accessed the Criterion Channel website, mobile application, or digital application owned and operated by The Criterion Collection in the United States and watched a pre-recorded video between September 27, 2022 and  December 27, 2024 , and that all of the information on this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.

|  |  |
|---|---|
| **SIGNATURE** | **DATE** |

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

From:    Administrator@criterionchannelsettlement.com
To:      ClassMember@domain.com
Re:      Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345-VEC
**(United States District Court, Southern District of New York)**

**Our Records Indicate You Have a Criterion Channel Account and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice.  You are __not__ being sued.  This is __not__ a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that Defendant, The Criterion Collection LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio Inc., and Meta Platforms, Inc. (the "Third Parties"), without consent and in violation of several privacy laws: the Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, *et seq.*, and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, *et seq.* The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongful conduct or violated any law, and the Court has not decided who is right.  The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members include all persons who during the Class Period in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service. The Class Period is September 27, 2022 through December 27, 2024. The Criterion Channel Service is defined as the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

**What Can I Get?** If approved by the Court, Defendant will make available $4,500,000.00 under the Settlement to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and incentive awards (the "Settlement Fund"). If you are entitled to relief, you may submit a claim to receive a cash payment of a *pro rata* (meaning equal) payment from the Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [here.] Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer also have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.criterionchannelsettlement.com. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure to any third party of information identifying you as having requested or obtained specific video materials or services from Defendant will be released.

**Who Represents Me?** The Court has appointed the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP, to represent the Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____.m. on [date] in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $2,500 each from the Settlement Fund for their service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.criterionchannelsettlement.com, contact the settlement administrator at 1-[    ]-[____]-[____] or Criterion Channel Settlement Administrator, [address], or contact Class Counsel at info@bursor.com.

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Criterion Channel Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

# OUR RECORDS INDICATE YOU HAVE A CRITERION CHANNEL ACCOUNT OR SUBSCRIPTION AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||
Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

A settlement has been reached in a class action lawsuit claiming that Defendant, The Criterion Collection, LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio, Inc. and Meta Platforms, Inc., without consent and in violation of the following privacy statutes: the Video Privacy Protection Act (the "VPPA"), the Electronic Communications Privacy Act, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and the Florida Security of Communications Act. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it engaged in any wrongful conduct or that it violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are all persons who during the Class Period in the United States, (1) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service. The Class Period is September 27, 2022 through December 27, 2024.

**What Can I Get?** If approved by the Court, Defendant will make available $4,500,000.00 under the Settlement to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a cash payment of a *pro rata* (meaning equal) payout of this fund after all expenses have been paid.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You may submit a Claim Form either electronically on the Settlement Website by visiting [www.criterionchannelsettlement.com], or by printing and mailing in a paper Claim Form, copies of which are available for download at the Settlement Website. Your payment will come by check unless you elect to receive payment electronically by PayPal or Venmo.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator no later than **[objection/exclusion deadline]**. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.criterionchannelsettlement.com]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to Defendant's alleged disclosure of subscriber information to any third party will be released.

**Who Represents Me?** The Court has appointed the law firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP, to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at ____. on [date] in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $2,500 each from the Settlement Fund for their service in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.criterionchannelsettlement.com, contact the settlement administrator at 1-___-___-____ or Criterion Channel Settlement Administrator, [address], or contact Class Counsel at info@bursor.com.

Criterion Channel Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT D**

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

*Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC

**Our Records Indicate You Have Subscribed to *The Criterion Channel* and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice.  You are __not__ being sued.  This is __not__ a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against The Criterion Collection, LLC. The class action lawsuit claims that Defendant, The Criterion Collection, LLC, disclosed its subscribers' personally identifiable information ("PII") to Twilio, Inc. and Meta Platforms, Inc., without consent and in violation of multiple privacy statutes including the Video Privacy Protection Act ("VPPA"), the Electronic Communications Privacy Act, the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and the Florida Security of Communications Act. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider.  Defendant denies that it engaged in any wrongdoing or that it violated any law, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person in the United States who, from September 27, 2022, to and through December 27, 2024, (1) was a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.  The Criterion Channel Service is defined as the website criterionchannel.com, the Criterion Channel iOS or Android mobile applications, or any other digital platform or application owned and operated by Defendant where Criterion Channel video content is available to be viewed by Criterion Channel subscribers (Roku, tvOS, Android TV, Fire TV, Samsung TV, and Xbox).

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) cash payment of the total $4,500,000.00.  The Settlement Fund that will also pay out the notice and administration expenses, attorneys' fees and costs, and incentive awards.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING ON [DATE]** | Ask to speak in Court about your opinion of the Settlement. |

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR VISIT WWW.CRITERIONCHANNELSETTLEMENT.COM

| DO NOTHING | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Valerie E. Caproni, of the United States District Court for the Southern District of New York, is overseeing this case. The case is called *Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345. The people who have sued are called the Plaintiffs. The Defendant is The Criterion Collection, LLC.

### 2. What is a class action?

In a class action, one or more people called the class representative(s) (in this case, Francis Lucchese-Soto, Kevin McGuire, Matthew Wickham, and Amitai Heller) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated several privacy laws Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. §§ 5701, *et seq.*, and the Florida Security of Communications Act ("FSCA"), Fla. Stat. §§ 934.01, *et seq.* by disclosing its subscribers' personally identifiable information ("PII") to Twilio, Inc. and Meta Platforms, Inc. without subscribers' consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it engaged in any wrongdoing or violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

All persons who during the Class Period in the United States, (i) were a registered user of, or had subscription to, the Criterion Channel Service; and (2) watched a pre-recorded video through the Criterion Channel Service.

The Class Period is September 27, 2022 through December 27, 2024.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendant has agreed to make $4,500,000.00 available under the Settlement (the "Settlement Fund"). Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees, and an award to the Class Representatives will also come out of this fund (*see* Question 13).

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a cash payment of a *pro rata* (meaning equal) portion of the Settlement Fund after the above-stated costs, expenses, administrative fees, and incentive awards have been paid out. The amount of payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund. You can contact Class Counsel to inquire as to the number of claims filed.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment 30 days after the Settlement has been finally approved and/or any appeals process is complete.  The payment will be made in the form of a check, unless you elect to receive payment by PayPal or Venmo, and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates described in Section 9 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed Bursor & Fisher, P.A. and Levi & Korsinsky, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13. How will the lawyers be paid?**

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court.  Class Counsel is entitled to seek no more than one-third of the $4.5 million Settlement Fund, but the Court may award less than this amount.

As approved by the Court, the Class Representatives will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representatives will seek no more than $2,500 each as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Lucchese-Soto v. The Criterion Collection, LLC,* Case No. 1:24-cv-07345-VEC settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Criterion Channel Settlement
0000 Street
City, ST 00000

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

If you're a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Lucchese-Soto v. The Criterion Collection, LLC,*

Case No. 1:24-cv-07345-VEC and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, an explanation of the basis upon which you claim to be a Settlement Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief.  File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Hon. Valerie E. Caproni Courtroom 20C Daniel Patrick Moynihan U.S. Courthouse 500 Pearl St. New York, NY 10007 | Yitzchak Kopel Bursor & Fisher, P.A. 1330 Ave. of the Americas, Floor 32 New York, NY 10019 | Mark S. Melodia Holland & Knight LLP 787 Seventh Ave., Floor 31 New York, NY 10019 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2025** in Courtroom 20C at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., New York, NY 10007. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best

interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.criterionchannelsettlement.com] or call [xxx-xxx-xxxx]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Lucchese-Soto v. The Criterion Collection, LLC*, Case No. 1:24-cv-07345-VEC." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

# GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.criterionchannelsettlement.com. You may also write with questions to Criterion Channel Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or contact Class Counsel at info@bursor.com, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

## ACKNOWLEDGMENT & GUARANTEE

I, the undersigned, acknowledge and agree as follows on behalf of myself and the firms of Bursor & Fisher, P.A. and Levi & Korsinsky, LLP (the "Firms"):

I have read the Stipulation and Agreement of Settlement entered into by the parties in *Lucchese-Soto v. The Criterion Collection, LLC* ("Settlement Agreement") and understand its terms. I represent and warrant that I am authorized to execute this agreement on the Firms' behalf and to bind the Firms to the obligations set forth herein, and I make this Acknowledgment & Guarantee on behalf of the Firms.

The undersigned understands and agrees that any amount received by the Firms pursuant to the Settlement Agreement is subject to repayment to The Criterion Collection, LLC by the Firms in the event that the Settlement Agreement is terminated pursuant to its terms. Within twenty (20) days of receiving written notice of termination of the Settlement Agreement from any counsel for the Parties, the Firms will reimburse to The Criterion Collection, LLC all sums received by the Firms as attorneys' fees and costs pursuant to the Settlement Agreement. By receiving any such sums, the Firms submit to the jurisdiction of the Southern District of New York for the enforcement of, and any and all disputes relating to or arising out of, the reimbursement obligations set forth herein and the Settlement Agreement. The Firms agree to pay The Criterion Collection, LLC for reasonable attorneys' fees it incurs in enforcing the Acknowledgment & Guarantee.

The Firms further agree to indemnify, defend, and hold harmless, The Criterion Collection, LLC and its attorneys from any and all claims and disputes of any kind relating to The Criterion Collection, LLC's payment of attorneys' fees to the Firms and/or other attorneys' fees for the plaintiffs pursuant to the Settlement Agreement.


Date:_____                    By:_____
                                           For: Bursor & Fisher, P.A.


Date:_____                    By:_____
                                           For: Levi & Korsinsky, LLP